Filed 7/25/13  In re V.Z. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re V.Z., a Person Coming Under the Juvenile Court Law. | B244524 (Los Angeles County Super. Ct. No. GJ 29517) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>V.Z.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court for the County of Los Angeles. Robert Leventer, Commissioner.  Affirmed.

        Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## SUMMARY

The juvenile court found the minor, V.Z., to be a habitual truant and placed her home on probation. She contends the admission of the evidence of her truancy violated her Sixth Amendment rights under the confrontation clause and was inadmissible hearsay. The minor forfeited these contentions by failing to object before the close of the prosecution's case, and in any event, they have no merit. We affirm the juvenile court's order.

## FACTS

Welfare and Institutions Code section 601, subdivision (b) (section 601) provides that if a minor has four or more truancies within one school year, as defined in Education Code section 48260, or if "a school attendance review board . . . determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor, . . . or if the minor fails to respond to directives of a school attendance review board . . . , the minor is then within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

In February 2012, the Los Angeles County District Attorney filed a petition alleging the minor came within the provisions of section 601 as a habitual truant. The petition identified 20 days in the late summer and fall of 2011 during which the minor was absent or tardy without valid excuse, and also alleged the minor and her parents had been referred to the school attendance review board in December 2010 and to the district attorney's mediation program in September 2011, all to no effect.

The minor declined to admit she was truant from school and a hearing ensued. Scott Anderle, the assistant director of student services for the Glendale Unified School District, was the only witness. He testified he was familiar with the procedures surrounding chronic truancies and was familiar with the minor's truancy. Anderle had attended the district attorney's referral hearing in the minor's case. He identified the documents recording the minor's school attendance, which were marked for identification as exhibits, and explained how the records were generated. The teachers take attendance in the classroom, and that data, entered both by name and student

2

identification number, "goes right into the computer and is fed into our student data information system . . . ."  Absences are recorded for each period of the school day, and four class periods of truancies, each represented by a "U," constitute a full day of absence.

Anderle then explained how excused absences are accounted for in the system. "[E]ach student belongs to a student center that has an attendance clerk.  That attendance clerk is in charge of clearing all absences for illnesses and other reasons.  The parents have 72 hours to either call in and excuse the absence or bring in some written verification of excuse of absence."  The attendance clerk then updates the system so that the "U's" are changed to other designations.  There are attendance clerks at all sites and an attendance official to whom they report who oversees all the attendance clerks.  Anderle testified he was in daily contact with the attendance official.

Anderle also explained the protocols for handling truancies.  When a student is absent for a full day, the school's phone system automatically notifies the parents, who also receive letters when the number of truancies reaches three, five and 10 days.  At 15 days of truancy, the school district meets with the family and student, and the student signs a contract promising to attend school.  If the student does not attend, there is a school attendance review board hearing and another contract, and if truancies continue, there is a referral to the district attorney's office, where the family is given an explanation of what will happen next if the student continues not to attend school.  In this case, the contracts signed by the minor and her parent and other documentation of the review board and district attorney meetings were identified and marked as exhibits, and Anderle testified he personally saw the minor and her mother sign the district attorney's mediation contract, after which there were further unexcused absences.

The prosecutor told the court she could have the individual school dates on the exhibits of the minor's attendance read into the record, but the court said:  "The documents will speak for themselves as business records.  They are admissible."  The minor's counsel made no objection.

3

The minor's counsel cross-examined Anderle, who acknowledged that one reason for maintaining the attendance records was that California law requires children to go to school; it was important to keep the records "to give them to the district attorney . . . when the district opines that a child is truant"; and another reason to keep the records "is that you can refer to them when you come to court to testify . . . ."

After Anderle's testimony, the prosecutor indicated she had no further evidence or witnesses to offer. The court said, "I will receive [¶] . . . [¶] . . . People's . . . 1 through 5 into evidence." The transcript shows no objection. The court asked, "Any defense?" Counsel replied in the negative and then said, "We don't intend to call any witnesses."

The court then asked defense counsel if she wanted to be heard on the case. Counsel answered affirmatively and proceeded to state her position that "these records are inadmissible under state laws," with "two layers of hearsay, at least." After asserting the records did not come within the business records exception, counsel said, "we have a confrontation clause issue," the records were "testimonial" and "prepared in preparation of litigation," and the minor was denied her right to confront and cross-examine "the only witness, the teacher, who has personal knowledge of her absence or presence."

The court observed the documents were adequate business records and found the petition true, declaring the minor a ward of the court and placing her home on probation. The minor filed a timely appeal.

## DISCUSSION

The minor contends admission of the attendance reports violated her Sixth Amendment rights under the confrontation clause, and that the records did not qualify as business records or public records. Her contentions have no merit.

First, the minor forfeited her contention by failing to make a timely objection. She did not object when Anderle testified about the attendance records, she did not object when the court stated the records were admissible, and she did not object when the court stated it would receive the exhibits in evidence. Instead, she waited until both prosecution and defense had rested and the juvenile court had invited argument to state the defense "position" that the records were inadmissible. Such an objection is untimely,

4

and untimely objections will not be reviewed on appeal.  (Evid. Code, § 353, subd. (a); see *People v. Demetrulias* (2006) 39 Cal.4th 1, 22 ["[a]n objection to evidence must generally be preserved by specific objection at the time the evidence is introduced"]; *People v. Boyette* (2002) 29 Cal.4th 381, 423 ["Because defendant did not object at the time the photographs were used in questioning the witnesses, he failed to preserve the issue for appeal."]; *People v. Alvarez* (1996) 14 Cal.4th 155, 186 ["[t]here was neither a 'specific' nor 'timely' objection below predicated on the Sixth Amendment's confrontation clause"]; *People v. Bury* (1996) 41 Cal.App.4th 1194, 1201, fn. 5 [the defendant "made an untimely objection on constitutional grounds after the presentation of the evidence"].)

Second, even if the minor's claim had not been forfeited, we would conclude it has no merit.

The attendance records were properly admitted as business records of the school. (Evid. Code, § 1271 [a writing made as a record of an event is not made inadmissible by the hearsay rule if it was made in the regular course of a business, at or near the time of the event; if "[t]he custodian or other qualified witness testifies to its identity and the mode of its preparation;" and if the "sources of information and method and time of preparation were such as to indicate its trustworthiness"]; § 1280 [a writing made as a record of an event is not made inadmissible by the hearsay rule if the writing was made "by and within the scope of duty of a public employee," at or near the time of the event, and the "sources of information and method and time of preparation were such as to indicate its trustworthiness"].)  The minor's contention that the foundation laid for the documents did not meet the requirements for business or public records "because the prosecution did not show that they were prepared in such a manner as to be trustworthy" is belied by the testimony we have just described.  (See also *People v. Martinez* (2000) 22 Cal.4th 106, 125, quoting § 664 ["'[i]t is presumed that official duty has been regularly performed'"].)  There was no abuse of discretion in admitting the records.

The minor's confrontation clause claim fares no better.  (See *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 324 ["Business and public records are generally

5

admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because--having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial--they are not testimonial."].)  As respondent points out, California schools are statutorily required to take attendance, and such records are necessary for budgetary and funding purposes. (See, e.g., Educ. Code, §§ 1244, 46000, 46010.3, 46300.)  While attendance records may be used in a wardship proceeding to show truancy, that is plainly not their primary purpose.  (See *People v. Dungo* (2012) 55 Cal.4th 608, 619 [a statement is testimonial "only if its primary purpose pertains in some fashion to a criminal prosecution"].)  The attendance records admitted in the minor's proceeding plainly were "created for the administration of [the school district's] affairs" (*Melendez-Diaz*, at p. 324), not for the purpose of proving a fact at trial, and accordingly there was no confrontation clause violation.

## DISPOSITION

The order is affirmed.

GRIMES, J.

We concur:

RUBIN, Acting P.J.

FLIER, J.